# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**

**VS.**                              **4:18-CR-00379-01-JM**

**KENNY WAYNE GEORGE**

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc. No. 35) is DENIED.

**I.   BACKGROUND**

On October 3, 2019, Defendant pled guilty to being in possession of a stolen firearm.[1] On January 7, 2020, he was sentenced to 120 months in prison.[2]

**II.   DISCUSSION**

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and compelling reasons" and that release would not be contrary to the 18 U.S.C. § 3553(a) factors.[3]

Before a Defendant may seek compassionate release under the First Step Act, he must first make the request with the Bureau of Prisons and exhaust his administrative remedies there.[4] Defendant requested compassionate release from the warden, and that request was rejected on

---

[1] Doc. Nos. 23, 24.

[2] Doc. Nos. 28, 29.

[3] 18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the offense, afford adequate deterrence, protect the public, and provide the defendant with appropriate rehabilitation.

[4] See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14, 2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

November 10, 2020.  However, it does not appear that Defendant appealed the denial, which means he has not exhausted his administrative remedies.  Accordingly, Plaintiff's motion is premature and this Court lacks jurisdiction.

Even if this Court had jurisdiction, the request would be denied.  In support of his motion, Defendant asserts that he has hypertension and excessive fluid in his legs, which put him at a higher risk of suffering from COVID-19.  First, these health conditions are not "extraordinary and compelling" reasons to support Defendant's release.  Although the First Step Act did not define this phrase, it defers to the United States Sentencing Guidelines, which does set out examples.[5]  Defendant's health conditions are not listed.  Furthermore, Defendant has provided neither evidence nor argument that his health conditions are severe enough to prevent him from independently functioning within the prison or that they cannot be controlled with medication.  Second, "fear of contracting COVID-19 or of experiencing more intense symptoms than the average person are not extraordinary or compelling enough reasons for release."[6]  Third, Defendant is 48 years old and has served less than 50% of his sentence, so he does not meet the minimum-age or time-served requirements under the under the Guidelines.

---

[5]Of course, this list predates the COVID-19 outbreak.  U.S.S.G § 1B1.13 cmt. n. 1.  The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner."

[6]*United States v. Osborne*, No. 4:05-CR-00109-BSM-12, 2020 WL 3258609, at *2 (E.D. Ark. June 16, 2020).

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has over ten prior convictions, and numerous parole revocations. The convictions include theft, residential burglary, theft by receiving, fleeing, two convictions for possession with intent to deliver methamphetamine, possession of methamphetamine, and felon in possession of a firearm, which is the same behavior as the instant offense.

The severity of the offense also must be considered. On October 31, 2017, a Poinsett County Sheriff's Deputy engaged in a pursuit of Defendant because he was a known parole absconder. During the chase, Defendant exceeded 110 mphs, and he eventually exited the vehicle, ran, and temporarily evaded arrest. The passenger in the vehicle took officers to Defendant's house and consented to a search, which revealed digital scale, methamphetamine, and a smoking pipe. On November 10, 2017, a confidential source told officers where Defendant had been hiding and that he was armed. Upon executing a warrant, officers found Defendant in an air vent in possession of a loaded .45 caliber handgun, which was stolen. They also found more methamphetamine.

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release (Doc. No. 35) is DENIED.

IT IS SO ORDERED, this 2nd day of February, 2021.

_____
UNITED STATES DISTRICT JUDGE